# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY GLENN HEMINGWAY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01537-RWS |
| ) | |
| DALE GLASS, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On February 12, 2021, the Court ordered plaintiff to file an amended complaint within thirty days. (Docket No. 7). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the St. Louis City Justice Center (SLCJC) in St. Louis, Missouri. On October 26, 2020, he filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint named the SLCJC, Commissioner Dale Glass, Superintendent Adrian Barnes, Unit Manager Warren Thomas, and Officer Cortez Hagler as defendants. (Docket No. 1 at 1-3). Plaintiff did not indicate the capacity in which Commissioner Glass, Superintendent Barnes, Unit Manager Thomas, or Officer Hagler were sued. Along with the complaint, plaintiff also filed a motion for leave to proceed in forma pauperis. (Docket No. 3).

In the complaint, plaintiff alleged that he was assaulted and threatened in the "4 Charlie Dayroom" of the SLCJC on August 12, 2020. (Docket No. 1 at 3). According to plaintiff, Officer Hagler "physically assaulted him," an "assault that was recorded by the institution." (Docket No.

1 at 4). Plaintiff stated that he "suffered minor injuries," including a "busted lip and swelling to the face." (Docket No. 1 at 3-4). Though his injuries were minor, plaintiff claimed that he suffered a "deliberate violation to [his] constitutional protections." (Docket No. 1 at 4). He further stated that following the assault, he was "deliberately" punished by the SLCJC by placing him on "assault status" and "administrative segregation status as punishment."

As a result of this incident, plaintiff requested $100,000,000 in damages, and for the SLCJC to be shut down. (Docket No. 1 at 5).

On February 12, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis, and assessed an initial partial filing fee. (Docket No. 7). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was deficient and subject to dismissal. (Docket No. 7 at 4). Specifically, plaintiff had sued the SLCJC, which was not a suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"). Even if St. Louis City was substituted as a defendant, plaintiff had not alleged a municipal liability claim. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

With regard to Commissioner Glass, Superintendent Barnes, Unit Manager Thompson, and Officer Hagler, the Court noted that plaintiff had not indicated the capacity in which these defendants were sued. As such, the complaint was interpreted as including only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*,

865 F.3d 1064, 1075 (8th Cir. 2017). (Docket No. 7 at 4-5). Because these defendants were employed by the City of St. Louis, the Court had to treat the official capacity claims as being made against St. Louis itself. (Docket No. 7 at 5). However, plaintiff had not presented a municipal liability claim.

Rather than dismissing the case outright, plaintiff was given an opportunity to file an amended complaint. The Court's order contained instructions on the drafting of an amended complaint, and the Clerk of Court was directed to send plaintiff a prisoner civil rights complaint form. Plaintiff was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. (Docket No. 7 at 8).

## Discussion

As previously noted, on February 12, 2021, the Court ordered plaintiff to file an amended complaint within thirty days. The amended complaint was due on or before March 15, 2021. In the order, plaintiff was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has expired. In fact, the Court has given plaintiff more than thirty days in which to respond. Nonetheless, plaintiff has failed to file an amended complaint as directed. He has also failed to file a motion with the Court seeking an extension of time in which to comply. Indeed, the Court has had no further communications from plaintiff whatsoever.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own

initiative). Because plaintiff has not complied with the Court's order of February 12, 2021, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of February 12, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of April, 2021.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE