# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY GLENN HEMINGWAY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01537-RWS |
| ) | |
| DALE GLASS, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a letter submitted by plaintiff Terry Glenn Hemingway, Jr. that has been construed as a motion to reopen his case. (Docket No. 10). For the reasons discussed below, the motion will be granted.

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the St. Louis City Justice Center (SLCJC) in St. Louis, Missouri. On October 26, 2020, he filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint named the SLCJC, Commissioner Dale Glass, Superintendent Adrian Barnes, Unit Manager Warren Thomas, and Officer Cortez Hagler as defendants. (Docket No. 1 at 1-3). Plaintiff did not indicate the capacity in which Commissioner Glass, Superintendent Barnes, Unit Manager Thomas, or Officer Hagler were sued. Along with the complaint, plaintiff also filed a motion for leave to proceed in forma pauperis. (Docket No. 3).

In the complaint, plaintiff alleged that he was assaulted and threatened in the "4 Charlie Dayroom" of the SLCJC on August 12, 2020. (Docket No. 1 at 3). According to plaintiff, Officer Hagler "physically assaulted him," an "assault that was recorded by the institution." (Docket No. 1 at 4). Plaintiff stated that he "suffered minor injuries," including a "busted lip and swelling to

the face." (Docket No. 1 at 3-4). Though his injuries were minor, plaintiff claimed that he suffered a "deliberate violation to [his] constitutional protections." (Docket No. 1 at 4). He further stated that following the assault, he was "deliberately" punished by the SLCJC by placing him on "assault status" and "administrative segregation status as punishment."

As a result of this incident, plaintiff requested $100,000,000 in damages, and for the SLCJC to be shut down. (Docket No. 1 at 5).

On February 12, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis, and assessed an initial partial filing fee. (Docket No. 7). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was deficient and subject to dismissal. (Docket No. 7 at 4). Specifically, plaintiff had sued the SLCJC, which was not a suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"). Even if St. Louis City was substituted as a defendant, plaintiff had not alleged a municipal liability claim. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

With regard to Commissioner Glass, Superintendent Barnes, Unit Manager Thompson, and Officer Hagler, the Court noted that plaintiff had not indicated the capacity in which these defendants were sued. As such, the complaint was interpreted as including only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). (Docket No. 7 at 4-5). Because these defendants were

employed by the City of St. Louis, the Court had to treat the official capacity claims against them as being made against St. Louis itself, their employer. (Docket No. 7 at 5). However, as noted above, plaintiff had not presented a municipal liability claim.

Rather than dismissing the case outright, plaintiff was given an opportunity to file an amended complaint. The Court's order contained instructions on the drafting of an amended complaint, and the Clerk of Court was directed to send plaintiff a prisoner civil rights complaint form. Plaintiff was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. (Docket No. 7 at 8).

On April 1, 2021, the Court dismissed this action pursuant to Fed. R. Civ. P. 41(b), for failure to comply with the Court's February 12, 2021 order. (Docket No. 9). At that point, forty-eight days had elapsed since plaintiff was ordered to file an amended complaint, and he had neither filed the amended complaint nor sought an extension of time in which to do so.

On May 3, 2021, the Court received the instant motion, asking the Court to reopen his case. (Docket No. 10).

**The Motion**

In his motion, plaintiff states that he has "never" received any mail from the Court. He further asserts that he has been moved "to the work-house due to the things that have [happened] at the St. Louis Justice Center." Plaintiff also notes that he is "just getting this mail on" April 22, 2021, which is an apparent reference to the dismissal order. As such, he asks the Court to reopen his case, because it "is not [his] fault" he did not receive his mail.

**Discussion**

Plaintiff has submitted a letter that has been construed as a motion to reopen his case following the Court's dismissal pursuant to Fed. R. Civ. P. 41(b). The Court had dismissed this action because plaintiff failed to submit an amended complaint within thirty days of the Court's February 12, 2021 order. Indeed, the Court gave plaintiff more than thirty days, but received no amended complaint or motion for an extension of time.

According to plaintiff, he did not receive the Court's order due to mail issues at the SLCJC. Moreover, he states that he was moved to the workhouse after an incident at the jail. As such, he asserts that it is not his fault that he failed to comply with the Court's order.

Having reviewed the motion, the Court finds that it should be granted. The Court will therefore vacate its order of April 1, 2021, which dismissed plaintiff's case without prejudice. The Clerk of Court will also be directed to reopen this action.

**Order to Amend**

On February 12, 2021, the Court determined that plaintiff's complaint was deficient and subject to dismissal. He was ordered to submit an amended complaint. As this case is being reopened, plaintiff is once again directed to file an amended complaint according to the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough

room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation

of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this case (Docket No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's dismissal order of April 1, 2021 is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall reopen this case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of Docket Number 7, which is the Court's order of February 12, 2021.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 10th day of May, 2021.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE