# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY GLENN HEMINGWAY, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-cv-01537-RWS |
| DALE GLASS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Terry Glenn Hemingway, Jr.'s amended complaint pursuant to 28 U.S.C. § 1915. (Docket No. 12). For the reasons discussed below, the Court has determined that the amended complaint is subject to dismissal. However, plaintiff will be given the opportunity to file a second amended complaint according to the instructions set forth in this order.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the St. Louis City Justice Center (SLCJC) in St. Louis, Missouri. On October 26, 2020, he filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint named the SLCJC, Commissioner Dale Glass, Superintendent Adrian Barnes, Unit Manager Warren Thomas, and Officer Cortez Hagler as defendants. (Docket No. 1 at 1-3). Plaintiff did not indicate the capacity in which Commissioner Glass, Superintendent Barnes, Unit Manager Thomas, or Officer Hagler

2

were sued. Along with the complaint, plaintiff also filed a motion for leave to proceed in forma pauperis. (Docket No. 3).

In the complaint, plaintiff alleged that he was assaulted and threatened in the "4 Charlie Dayroom" of the SLCJC on August 12, 2020. (Docket No. 1 at 3). According to plaintiff, Officer Hagler "physically assaulted him," an "assault that was recorded by the institution." (Docket No. 1 at 4). Plaintiff stated that he "suffered minor injuries," including a "busted lip and swelling to the face." (Docket No. 1 at 3-4). Though his injuries were minor, plaintiff claimed that he suffered a "deliberate violation to [his] constitutional protections." (Docket No. 1 at 4). He further stated that following the assault, he was "deliberately" punished by the SLCJC by placing him on "assault status" and "administrative segregation status as punishment."

As a result of this incident, plaintiff requested $100,000,000 in damages, and for the SLCJC to be shut down. (Docket No. 1 at 5).

On February 12, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis, and assessed an initial partial filing fee. (Docket No. 7). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was deficient and subject to dismissal. (Docket No. 7 at 4). Specifically, plaintiff had sued the SLCJC, which was not a suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"). Even if St. Louis City was substituted as a defendant, plaintiff had not alleged a municipal liability claim. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

With regard to Commissioner Glass, Superintendent Barnes, Unit Manager Thompson, and Officer Hagler, the Court noted that plaintiff had not indicated the capacity in which these defendants were sued. As such, the complaint was interpreted as including only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). (Docket No. 7 at 4-5). Because these defendants were employed by the City of St. Louis, the Court had to treat the official capacity claims against them as being made against St. Louis itself, their employer. (Docket No. 7 at 5). However, as noted above, plaintiff had not presented a municipal liability claim.

Rather than dismissing the case outright, plaintiff was given an opportunity to file an amended complaint. The Court's order contained instructions on the drafting of an amended complaint, and the Clerk of Court was directed to send plaintiff a prisoner civil rights complaint form. Plaintiff was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. (Docket No. 7 at 8).

On April 1, 2021, the Court dismissed this action pursuant to Fed. R. Civ. P. 41(b), for failure to comply with the Court's February 12, 2021 order. (Docket No. 9). At that point, forty-eight days had elapsed since plaintiff was ordered to file an amended complaint, and he had neither filed the amended complaint nor sought an extension of time in which to do so.

On May 3, 2021, the Court received plaintiff's motion to reopen the case. (Docket No. 10). In the motion, plaintiff stated that he "never" received any mail from the Court, and that he had been moved "to the work-house due to the things that have [happened] at the St. Louis Justice Center." Plaintiff also noted that he was "just getting this mail on" April 22, 2021, apparently

referring to the dismissal order. As such, he asked the Court to reopen his case, because it was "not [his] fault" that he did not receive his mail.

The Court granted plaintiff's motion to reopen on May 10, 2021. (Docket No. 11). At that time, the April 1, 2021 dismissal order was vacated, and the Clerk of Court directed to reopen the case. The Court also directed plaintiff to file an amended complaint, as previously ordered. He was provided directions on how to comply, and given thirty days to respond.

Plaintiff filed an amended complaint on June 10, 2021. (Docket No. 12).

### The Amended Complaint

Plaintiff's amended complaint is handwritten on a Court provided 42 U.S.C. § 1983 form. He names the City of St. Louis Justice Center and Officer Cortez Hagler as defendants. (Docket No. 12 at 2-3). Plaintiff does not indicate the capacity in which Officer Hagler is sued. (Docket No. 12 at 3).

In the complaint, plaintiff seeks $100,000,000 in damages because he does not "feel safe in this jail." (Docket No. 12 at 5). He further states that he suffered a "deliberate violation" of his constitutional rights, and that officers are telling inmates about his case, which he asserts is "high [profile]."

Aside from his request for monetary damages, and his vague reference to not feeling safe, plaintiff provides no other factual allegations. Indeed, despite being given directions on how to fill out his amended complaint, plaintiff has left the "Statement of Claim" section entirely blank. In other words, he has not presented a single fact as to what either defendant did or did not do to harm him.

**Discussion**

Plaintiff was directed to file an amended complaint on a Court-provided form. He has submitted the amended complaint; however, it does not include any factual allegations. Rather, as noted above, he has neglected to fill out the section of the form complaint designated for his "Statement of Claim." Because he has not presented any allegations, the amended complaint is subject to dismissal under 28 U.S.C. § 1915. Instead of summarily dismissing this action, the Court will give plaintiff an opportunity to file a second amended complaint, according to the instructions set forth below. Plaintiff **must** follow these instructions. Failure to follow them may result in the dismissal of this action.

Plaintiff should type or neatly print his second amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the second amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. **Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed**. The second amended complaint must include factual allegations against the named defendants.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a

single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff again fails to provide a short and plain statement of the factual allegations, the second amended complaint will be dismissed.

The second amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his second amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

**Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both**. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts

showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of a second amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. **If plaintiff fails to file a second amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff**.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 29th day of June, 2021.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE