# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY GLENN HEMINGWAY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01537-RWS |
| ) | |
| DALE GLASS, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On June 29, 2021, the Court directed plaintiff Terry Glenn Hemingway, Jr. to file a second amended complaint on a Court-provided form within thirty days. Despite being given far more than thirty days, he has failed to respond. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Hemingway is a self-represented litigant who is currently incarcerated at the St. Louis City Justice Center (SLCJC) in St. Louis, Missouri. On October 26, 2020, he filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint named the SLCJC, Commissioner Dale Glass, Superintendent Adrian Barnes, Unit Manager Warren Thomas, and Officer Cortez Hagler as defendants. (Docket No. 1 at 1-3). Hemingway did not indicate the capacity in which Commissioner Glass, Superintendent Barnes, Unit Manager Thomas, or Officer Hagler were sued. Along with the complaint, Hemingway filed a motion for leave to proceed in forma pauperis. (Docket No. 3).

In the complaint, Hemingway alleged that he had been assaulted and threatened in the "4 Charlie Dayroom" of the SLCJC on August 12, 2020. (Docket No. 1 at 3). According to Hemingway, Officer Hagler "physically assaulted him," an "assault that was recorded by the institution." (Docket No. 1 at 4). Hemingway stated that he "suffered minor injuries," including a "busted lip and swelling to the face." (Docket No. 1 at 3-4). Though his injuries were minor, he claimed that he suffered a "deliberate violation to [his] constitutional protections." (Docket No. 1 at 4). He further stated that following the assault, he was "deliberately" punished by the SLCJC by placing him on "assault status" and "administrative segregation status as punishment."

As a result of this incident, Hemingway requested $100,000,000 in damages, and for the SLCJC to be shut down. (Docket No. 1 at 5).

On February 12, 2021, the Court granted Hemingway motion for leave to proceed in forma pauperis and assessed an initial partial filing fee. (Docket No. 7). Because he was proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was deficient and subject to dismissal. (Docket No. 7 at 4). Specifically, Hemingway had sued the SLCJC, which was not a suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"). Even if St. Louis City was substituted as a defendant, Hemingway had not alleged a municipal liability claim. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

With regard to Commissioner Glass, Superintendent Barnes, Unit Manager Thompson, and Officer Hagler, the Court noted that Hemingway had not indicated the capacity in which these

defendants were sued. As such, the complaint was interpreted as including only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). (Docket No. 7 at 4-5). Because these defendants were employed by the City of St. Louis, the Court had to treat the official capacity claims against them as being made against St. Louis itself, their employer. (Docket No. 7 at 5). However, as noted above, Hemingway had not presented a municipal liability claim.

Rather than dismissing the case outright, Hemingway was given an opportunity to file an amended complaint. The Court's order contained instructions on the drafting of an amended complaint, and the Clerk of Court was directed to send Hemingway a prisoner civil rights complaint form. He was given thirty days to comply and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. (Docket No. 7 at 8).

On April 1, 2021, the Court dismissed Hemingway's case pursuant to Fed. R. Civ. P. 41(b), for failure to comply with the Court's February 12, 2021 order. (Docket No. 9). At that point, forty-eight days had elapsed since Hemingway was ordered to file an amended complaint, and he had neither filed the amended complaint nor sought an extension of time in which to do so.

On May 3, 2021, Hemingway filed a motion asking the Court to reopen his case. (Docket No. 10). In the motion, he stated that he had "never" received any mail from the Court. He further asserted that he had been moved "to the work-house due to the things that have [happened] at the St. Louis Justice Center." He also noted that he was "just getting this mail on" April 22, 2021, which was apparently a reference to the dismissal order. As such, he requested that the Court reopen his case, because it "is not [his] fault" he did not receive his mail.

3

The Court granted the motion to reopen on May 10, 2021 and vacated the order of dismissal. (Docket No. 11). Hemingway was again ordered to file an amended complaint within thirty days. (Docket No. 11 at 4). As before, he was given detailed instructions on how to fill out his complaint form, which included an advisory about indicating the capacity in which defendants were sued, and directions on how to present his "Statement of Claim." (Docket No. 11 at 5).

On June 10, 2021, Hemingway filed his amended complaint, as directed. (Docket No. 12). The amended complaint named the SLCJC and Officer Hagler as defendants. (Docket No. 12 at 2-3). Once again, the Court reviewed the amended complaint under 28 U.S.C. § 1915. (Docket No. 13). As with the original complaint, the Court determined that the amended complaint was also subject to dismissal. (Docket No. 13 at 6). Specifically, the amended complaint did not contain any factual allegations whatsoever. That is, the section of the form complaint for Hemingway's "Statement of Claim" was left entirely blank. He also did not allege any injuries.

Instead of dismissing the case, the Court ordered Hemingway to file a second amended complaint. The Clerk of Court was directed to send him a copy of the Court's prisoner civil rights complaint form to aid his compliance. He was given thirty days within which to submit his second amended complaint. He was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice. The second amended complaint was due by July 29, 2021.

## Discussion

On June 29, 2021, the Court ordered Hemingway to file a second amended complaint on a Court-provided form. He was given thirty days to comply. His response was due on or before July 29, 2021. In the order, the Court advised Hemingway that failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for Hemingway to file his second amended complaint has expired. In point of fact, the Court has given him substantially more than thirty days to respond. Nonetheless, he has not submitted a second amended complaint as directed. He has also failed to file a motion with the Court seeking an extension of time in which to comply.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because Hemingway has not complied with the Court's order of June 29, 2021, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of June 29, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2021.